[772 NYS2d 551]

## In the Matter of DAVID WOLFSON, an Attorney, Resignor.

Second Department, March 1, 2004

### APPEARANCES OF COUNSEL

*David Wolfson*, Thornwood, resignor pro se.

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

David Wolfson has submitted an affidavit dated September 19, 2003, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Wolfson was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 19, 1992.

The Grievance Committee informs the Court that Mr. Wolfson testified on four occasions between September 2002 and March 2003 regarding a complaint of professional misconduct. During his testimony, Mr. Wolfson explained that he represented DBF Collections Corporation and/or certain plaintiffs in approximately 140 collection cases since 1995. He admitted that he neglected or failed to diligently pursue more than a dozen of these collection cases, failed to account for funds entrusted to him as a fiduciary, and failed to promptly return client funds.

Mr. Wolfson avers that he is making his resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. He is aware of the Grievance Committee's pending investigation into allegations of professional misconduct concerning his neglect of collection cases, failure to account for funds entrusted to him as fiduciary, and failure to promptly return funds to a client.

Mr. Wolfson acknowledges that if charges were predicated upon the aforesaid allegations, he could not successfully defend himself on the merits against them. He is aware that the Court could, in any order permitting him to resign, require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for the amount of that money or the value of that property. Mr. Wolfson is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Wolfson's affidavit of resignation as in the best interest of the public. It urges acceptance of the resignation as the most expeditious way to conclude this matter in order to save the Court time and expense while protecting the public.

The proffered resignation is accepted, effective immediately, David Wolfson is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and MASTRO, JJ., concur.

Ordered that the resignation of David Wolfson is accepted and directed to be filed; and it is further, ordered that pursuant to Judiciary Law § 90, effective immediately, David Wolfson is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David Wolfson shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David Wolfson is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.